**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN-WILLIS TAYLOR,<br>Plaintiff,<br>v.<br>COUNTY OF LOS ANGELES; COUNTY OF LOS ANGELES DEPT MENTAL HEALTH; A COMMUNITY OF FRIENDS; SECTION 8 HOUSING-HACLA WEST; EXODUS RECOVERY INC, MARENGO; JAMES RAMIREZ; ANNETTE ANA M HABERT; MARISOLA CASTORENA; AMY, Fox Normandie Property Manager; and EDDIE PINA,<br>Defendants. | Case No. 2:25-cv-09447-SPG-DTB<br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

The Court is in receipt of the Magistrate Judge David T. Bristow's Report and Recommendation. *See* (ECF No. 55 ("R&R")). The R&R recommends dismissing the case with prejudice and without leave to amend. *See* (*id.* at 13). Pursuant to 28 U.S.C. § 636, the Court has reviewed the R&R and Plaintiff Jonathan-Willis Taylor's ("Plaintiff") Third Amended Complaint. Plaintiff has filed an objection to the R&R, claiming that Judge Bristow is biased against him because Judge Bristow dismissed various iterations of

Plaintiff's complaint and struck certain of Plaintiff's filings from the docket. *See* (ECF No. 56 ("Objection")). Based on Judge Bristow's purported bias, Plaintiff requests that the Court deny the R&R and disqualify Judge Bristow. *See* (*id.* at 4–5).

To disqualify a judge for bias, a movant must show that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studly*, 783 F.2d 934, 939 (9th Cir. 1986) (internal quotation marks and citation omitted). This bias must ordinarily stem from an "extrajudicial source." *See Liteky v. United States*, 510 U.S. 540, 554 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555. Opinions formed during the course of proceedings do not constitute impermissible bias unless the opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555.

Plaintiff has not shown that Judge Bristow is biased against him. Judge Bristow dismissed multiple iterations of Plaintiff's complaint for failure to state a claim. *See* (ECF No. 43, 45). In two separate orders, Judge Bristow informed Plaintiff that Plaintiff could not assert claims against the named defendants pursuant to 42 U.S.C. § 1983 because the named defendants are not state actors. *See* (*id.*). In both instances, Judge Bristow granted Plaintiff leave to amend, and Plaintiff reasserted 1983 claims against private individuals. *See* (ECF No. 44, 46). Judge Bristow also struck certain of Plaintiff's filings based on Plaintiff's violation of the Central District of California's Local Rules, the Federal Rules of Civil Procedure, Judge Bristow's orders, and the federal statute governing proceedings in forma pauperis. *See, e.g.*, (ECF No. 19, 27, 42). By dismissing Plaintiff's complaints for failure to state a claim and striking Plaintiff's filings, Judge Bristow did not display a deep-seated antagonism against Plaintiff that would make a fair judgment impossible.

//

//

//

//

Because Plaintiff has not otherwise objected to Judge Bristow's reasoning in the R&R, the Court accepts and adopts the findings, conclusions, and recommendations in the R&R. The Court therefore ORDERS that Plaintiff's Third Amended Complaint, filed at ECF No. 46, is DISMISSED with prejudice and without leave to amend.

**IT IS SO ORDERED.**

DATED: July 22, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE